BENJAMIN C. MIZER, Principal Deputy Assistant Attorney General
EILEEN M. DECKER, United States Attorney
JOEL McELVAIN, Assistant Branch Director
    Joel.McElvain@usdoj.gov
LYNN Y. LEE, Trial Attorney (SBN #235531)
    lynn.lee@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-0531
Fax: (202) 616-8470
*Attorneys for Defendants*

LOCKE LORD LLP
KELLY S. BIGGINS (SBN #252515)
    kbiggins@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 485-1500
Fax: (213) 485-1200
STEVEN T. WHITMER (*pro hac vice*)
    swhitmer@lockelord.com
JULIE L. YOUNG (*pro hac vice*)
    jyoung@lockelord.com
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0254
Fax: (312) 896-6254
*Attorneys for Plaintiff*

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INSURANCE GUARANTEE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>SYLVIA MATHEWS BURWELL in her official capacity as Secretary of | Case No.: 15-cv-1113 MMM (FFMx)<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER FOR PRODUCTION BY PARTIES** |

STIPULATED PROTECTIVE ORDER                                CASE NO. 15-cv-1113 MMM

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Health & Human Services; UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES; and CENTER FOR MEDICARE & MEDICAID SERVICES,<br><br>                    Defendants. |

6

7    There is good cause for entry of this Stipulated Protective Order because
8 disclosure and discovery in this action are likely to involve production of
9 confidential, proprietary, or private information for which special protection from
10 public disclosure may be warranted.  For example, the Parties anticipate that they
11 will produce health information that refers to workers compensation claimants by
12 name and addresses their work related injuries.  The claimants may have privacy
13 interests in such information.  The Parties may also exchange confidential
14 information related to the defense and settlement of various workers compensation
15 claims, including those that remain open and the public disclosure of which may
16 prejudice the Parties with respect to that pending litigation.
17    Accordingly, the Parties hereby stipulate to and petition the court to enter the
18 following Stipulated Protective Order.  The Parties acknowledge that this Order
19 does not confer blanket protections on all disclosures or responses to discovery and
20 that the protection it affords from public disclosure and use extends only to the
21 limited information or items that are entitled to confidential treatment under this
22 agreement.  The Parties further acknowledge, as set forth below in Paragraph 10,
23 that this Stipulated Protective Order does not entitle them to file confidential
24 information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must
25 be followed and the standards that will be applied when a Party seeks permission
26 from the court to file material under seal.
27    The Parties having agreed to the following terms of confidentiality, and the
28

Court having found that good cause exists for issuance of an appropriately-tailored Protective Order governing all phases of this action, it is therefore hereby ORDERED:

    1.    <u>Definitions</u>.  As used in this Protective Order,

    (a)    "Commercially Sensitive Information" means information that the Producing Party believes would result in competitive, commercial, or financial harm, including pricing information, reimbursement rates, rebate terms, minimum guarantee payments, sales reports, sales margins, and contracts or agreements between pharmaceutical companies and pharmacy benefit managers.

    (b)    "Conclusion" means the end time for any records retention requirement and statute of limitations applicable to a Party or a Party's counsel.

    (c)    "Covered Entity or Entities" means "covered entity" as defined in 45 C.F.R. § 160.103.

    (d)    "Discovery Material" is intended to be comprehensive and includes any and all materials produced by the Parties, including documents, information, electronically-stored information (ESI) and tangible things in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, electronic, or graphic material, however produced or reproduced, including, but not limited to all written or printed matter of any kind, computer data of any kind, graphic or manual records or representations of any kind, and electronic, mechanical, or electric records furnished in the course of discovery under this Order by the signatories to this Order, and other persons or entities subject to this Order, including deposition testimony and exhibits thereto, answers to interrogatories, and responses to other discovery requests and subpoenas issued under this Order.

    (e)    "Litigation" means the above-captioned case as well as all related appellate proceedings.

STIPULATED PROTECTIVE ORDER    CASE NO. 15-cv-1113 MMM

1       (f)     "Party" or "Parties" means any and all Plaintiffs and Defendants in
2 this action.
3       (g)     "Producing Party" means any Party, contractor or agent that produces
4 Discovery Material pursuant to this Order.
5       (h)     "Proprietary Information" means trade secret or other confidential
6 research, development, or commercial information entitled to protection under
7 Federal Rule of Civil Procedure 26(c)(1)(G).
8       (i)     "Protected Health Information" or "PHI" means "protected health
9 information" as defined in 45 C.F.R. § 160.103.  It will also include any medical or
10 health information contained in any workers compensation claim file at issue in
11 this matter.
12      (j)     "Service Providers" means any court reporter service, videographer
13 service, translation service, photocopy service, document management service,
14 records management service, graphics service, or other such litigation service
15 designated by a Party or a Party's legal counsel in this case.
16      2.      <u>CONFIDENTIAL Information</u>.  Information designated as
17 "CONFIDENTIAL" pursuant to this Order (hereinafter "CONFIDENTIAL
18 Information") means Discovery Material that contains PHI and/or any Discovery
19 Material that would be protected by the Privacy Act of 1974, 5 U.S.C. § 552a,
20 and/or 45 C.F.R. Part 5b in the hands of any Party.
21      3.      <u>HIGHLY CONFIDENTIAL Information</u>.  Information designated as
22 "HIGHLY CONFIDENTIAL" pursuant to this Order (hereinafter "HIGHLY
23 CONFIDENTIAL Information") means Discovery Material that contains
24 Proprietary Information or Commercially Sensitive Information.
25      4.      <u>Designation of Material as CONFIDENTIAL</u>.  Upon producing
26 Discovery Material containing PHI pursuant to a subpoena, discovery request, or
27 other lawful process, the Producing Party shall designate the Discovery Material as
28

"CONFIDENTIAL." The Producing Party shall, if practical, designate "CONFIDENTIAL" on every page of the Discovery Material in the same manner in which every page is Bates stamped. If not practical to designate "CONFIDENTIAL" on the Discovery Material, then the Producing Party shall designate the Discovery Material as "CONFIDENTIAL" in correspondence or in some other manner reasonably giving notice of the designation, including (but not limited to) affixing a label marked "CONFIDENTIAL" on the cover of or surface of any electronic media. It is practical to designate "CONFIDENTIAL" on every page of the Discovery Material if it is produced with a Bates stamp on every page. It is not practical to designate "CONFIDENTIAL" on every page of the Discovery Material if it is a spreadsheet or presentation file produced in native format (e.g., Microsoft Excel, PowerPoint, or Access).

     5.    <u>Designation of Material as HIGHLY CONFIDENTIAL</u>. Upon producing Discovery Material containing Proprietary Information or Commercially Sensitive Information pursuant to a subpoena, discovery request, or other lawful process, the Producing Party shall designate the Discovery Material as "HIGHLY CONFIDENTIAL." The Producing Party shall, if practical, designate "HIGHLY CONFIDENTIAL" on every page of the Discovery Material in the same manner in which every page is Bates stamped. If not practical to designate "HIGHLY CONFIDENTIAL" on the Discovery Material, then the Producing Party shall designate the Discovery Material as "HIGHLY CONFIDENTIAL" in correspondence or in some other manner reasonably giving notice of the designation, including (but not limited to) affixing a label marked "HIGHLY CONFIDENTIAL" on the cover of or surface of any electronic media. It is practical to designate "HIGHLY CONFIDENTIAL" on every page of the Discovery Material if it is produced with a Bates stamp on every page. It is not practical to designate "HIGHLY CONFIDENTIAL" on every page of the

Discovery Material if it is a spreadsheet or presentation file produced in native format (e.g., Microsoft Excel, PowerPoint, or Access).

6. <u>Access to CONFIDENTIAL Information</u>.  As needed to pursue the Litigation, and subject to Paragraph 8, the Parties shall permit only the following persons to have access to CONFIDENTIAL Information:

(a) The Parties' outside legal counsel and their employees and agents;

(b) The Parties' in-house legal counsel, employees, and agents, including the Center for Medicare & Medicaid Services ("CMS") Division of the Office of the General Counsel for the Department of Health & Human Services ("HHS");

(c) Any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation Service Providers ("Service Providers") designated by a Party or a Party's legal counsel in this case;

(d) The Parties' experts and consultants and their employees and agents;

(e) Individuals whom any Party or Party's legal counsel interviews or deposes;

(f) The Court and court-related personnel; and

(g) Such other persons if this Court so orders.

7. <u>Access to HIGHLY CONFIDENTIAL Information</u>.  As needed to pursue the Litigation, and subject to Paragraph 8, the Parties shall permit only the following persons to have access to HIGHLY CONFIDENTIAL Information:

(a) The Parties' outside legal counsel, and outside legal counsel's employees and agents;

(b) The Parties' in-house legal counsel, employees, and agents, including the HHS Office of the General Counsel, CMS Division;

(c) Any court reporter service, videographer service, translation service, photocopy service, document management service, records management service,

1 graphics service, or other such litigation Service Providers, designated by a Party
2 or a Party's legal counsel in this case;
3     (d)    The Parties' experts and consultants and their employees and agents;
4     (e)    Individuals whom any Party or Party's legal counsel interviews or
5 deposes;
6     (f)    The Court and court-related personnel; and
7     (g)    Such other persons if this Court so orders.
8     8.    <u>Acknowledgment of Protective Order</u>.  Except for the individuals
9 designated under Paragraph 6(f) and Paragraph **7(f)** ~~(e)~~, **(FFM)** the Parties shall
10 ensure that each individual designated in Paragraphs 6 and 7 who reviews or is
11 given access to Discovery Materials reads, agrees to, and signs a copy of the
12 attached Acknowledgement of Protective Order, except that entry of this Order by
13 the Court will constitute Acknowledgement by the Parties and their legal counsel.
14 Where an entity is designated in Paragraphs 6 and 7, an officer or manager of the
15 entity may sign the Acknowledgement of Protective Order on behalf of the entire
16 entity.  Each Party's legal counsel shall maintain the copy of the
17 Acknowledgement of Protective Order as signed by each individual or entity
18 designated in Paragraphs 6 and 7, and shall permit the opposing Party's legal
19 counsel (including the HHS Office of the General Counsel, CMS Division) to
20 inspect said copy or copies upon request.  Individuals and entities designated in
21 Paragraphs 6 and 7 who do not sign the attached Acknowledgement of Protective
22 Order shall not be given access to CONFIDENTIAL or HIGHLY
23 CONFIDENTIAL Discovery Materials.
24     9.    <u>Witnesses at Trial</u>.  If a party intends to offer into evidence or for
25 purposes of impeachment any CONFIDENTIAL or HIGHLY CONFIDENTIAL
26 Information during trial or in an connection with any court hearing or other court
27 proceeding other than a deposition (see Paragraphs 6 and 7, *supra*), counsel for the
28

producing entity asserting confidentiality must be so informed in writing not less than five business days in advance of the party offering such CONFIDENTIAL or HIGHLY CONFIDENTIAL Information.  If such notification is provided, the Information may be offered in open court unless the producing entity that designated the material as confidential obtains a protective order or a ruling from the Court providing otherwise.

10. <u>Destruction of CONFIDENTIAL Information and HIGHLY CONFIDENTIAL Information at the Conclusion of the Litigation</u>.  (a) No later than 90 days following the Conclusion of the Litigation, the Parties and the individuals and entities designated in Paragraphs 6 and 7 shall destroy all CONFIDENTIAL Information and HIGHLY CONFIDENTIAL Information (including all copies made); (b) All counsel of record shall certify compliance with Paragraph 9 on behalf of themselves, the Parties they represent, and the Parties' employees and agents (including, but not limited to, the individuals and entities designated in Paragraphs 6 and 7, as applicable) and shall deliver this certification to the other Party not more than ninety (90) days after the Conclusion of the Litigation.  For information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by Defendants, certification shall be delivered to the HHS Office of the General Counsel, CMS Division.

11. <u>Use of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information in Documents Filed with the Court</u>.  The Parties must seek to file CONFIDENTIAL Information and HIGHLY CONFIDENTIAL Information under seal.  Without a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Discovery Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1.  CONFIDENTIAL Information and HIGHLY CONFIDENTIAL Information may only be filed under seal pursuant to a court

order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Discovery Material under seal pursuant to Civil Local Rule 79-5.1 is denied by the court, then the Party may file the information in the public record, unless otherwise instructed by the court. Even in that case, the parties should strive to redact PHI from the filings, to the extent practicable.

<u>Paragraphs 12-15 - Terms Specific to Protected Health Information (PHI).</u>

12. Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Parties' legal counsel in this case, the employees and agents of each Party, and all non-party Covered Entities are expressly and specifically authorized to use or disclose PHI in accordance with this order to:

(a) respond to Interrogatories, Requests for Admission, or Requests for Production of Documents, including electronically stored information (ESI), served pursuant to the Federal Rules of Civil Procedure in this case seeking PHI;

(b) request interviews or depositions and interview, depose, or respond in interviews or depositions in which PHI might be disclosed;

(c) prepare briefs and other materials for the Court so long as such materials are treated in accordance with Paragraph 10 of this Protective Order; and

(d) disclose PHI to a Party's expert regardless of whether the expert is a consulting or testifying expert.

13. Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, each deponent noticed for deposition in this case, including but not limited to a Party, a fact witness, a records custodian, an expert, or a Covered Entity of any type, is expressly and specifically authorized to use or to disclose to the Parties' legal counsel in this case and the employees and agents of each Party and each Party's legal counsel in this case, the PHI that is responsive to deposition questions or a valid subpoena duces tecum.

14. Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, any person or entity authorized or ordered under Paragraphs 11 or 12 above to use or disclose PHI is expressly and specifically authorized to do so with, to, or before any Service Providers designated by a Party or a Party's legal counsel in this case. The protections and requirements of Paragraphs 16 and 19 of this Order shall be imposed on Service Providers as a condition of any Service Provider's receipt of PHI. Each Party or the Party's legal counsel is charged with obtaining advance consent of such Service Provider to comply with this Paragraph. Upon such consent, the Service Provider will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of this case for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions as may be appropriate for any non-compliance.

15. The intent of this Protective Order is to authorize the use and disclosure of PHI in accordance with 45 C.F.R. § 164.512(e), any other applicable law, the Federal Rules of Civil Procedure, and/or the terms of this Protective Order. To the extent that the uses and disclosures of PHI authorized under this Protective Order may be permitted under other provisions of the HIPAA Privacy Rule, such uses and disclosures shall be made pursuant to and in accordance with 45 C.F.R. § 164.512(e). This paragraph shall not apply to uses and disclosures of PHI that are not authorized under this Protective Order.

16. <u>Terms Specific to Proprietary Information and Commercially Sensitive Information</u>. For Discovery Materials containing Proprietary Information or Commercially Sensitive Information designated as HIGHLY CONFIDENTIAL, the Producing Party's production of HIGHLY CONFIDENTIAL Information in this case shall not be construed as waiving or diminishing the Producing Party's interests in and rights to the confidentiality of Proprietary Information or Commercially Sensitive Information, unless otherwise

1 ordered by the Court.

2     17.    Discovery Material shall not be disclosed or used by any Party or any individual or entity designated in Paragraphs 6 or 7 for any purpose other than the Litigation.

    18.    Subject to Paragraph 19, all CONFIDENTIAL Information and HIGHLY CONFIDENTIAL Information produced, transmitted, or otherwise received electronically must be maintained in a reasonably secure manner and guarded against re-disclosure for the life of the record.

    19.    <u>Inadvertent Production by the Producing Party</u>.  If at any time prior to the trial of this action, the Producing Party realizes that:

    (a)(1) some portion(s) of Discovery Material was produced without a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party may add either designation to those Discovery Materials without limitation by apprising the Parties in writing of such designation.  Such Discovery Material will thereafter be treated as CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information under the terms of this Order; (2) Any failure of the Producing Party to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not constitute a waiver of any claim of privilege or work product protection with respect to the Discovery Material.

    (b)(1) Discovery Materials subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information") were inadvertently produced, the Producing Party will be entitled to "clawback" this Inadvertently Disclosed Information and to have all copies of it either returned to the Producing Party or destroyed.  If the Producing Party seeks to clawback Inadvertently Disclosed Information, it is entitled to do so, regardless of the Producing Party's diligence in initially attempting to prevent such an inadvertent disclosure.  To the extent possible, the Producing Party will clawback only the

1  portions of Discovery Materials containing information subject to a claim of
2  attorney-client privilege or attorney work product protection; (2) any Inadvertent
3  Disclosure by the Producing Party shall not constitute or be deemed a waiver or
4  forfeiture of any claim of privilege or work product protection with respect to the
5  Inadvertently Disclosed Information itself and/or its subject matter with respect to
6  this litigation or in any other federal, state, or local proceeding, regardless of the
7  Producing Party's diligence in initially attempting to prevent such disclosure; (3) If
8  the Producing Party makes a claim of inadvertent disclosure, the Parties shall,
9  within five (5) business days, return or destroy all copies of the Inadvertently
10 Disclosed Information, and provide a certification of counsel that all such
11 information has been returned or destroyed; (4) Within five (5) business days of
12 the notification that such Inadvertently Disclosed Information has been returned or
13 destroyed, the Producing Party shall produce a privilege log with respect to the
14 Inadvertently Disclosed Information; (5) The Parties may move the Court for an
15 Order compelling production of the Inadvertently Disclosed Information.  The
16 party filing the motion shall seek to file it under seal, and shall not assert as a
17 ground for entering such an Order the fact or circumstances of the inadvertent
18 production; (6) The Producing Party retains the burden of establishing the
19 privileged or protected nature of any Inadvertently Disclosed Information
20 contained in Discovery Materials; (7) Nothing in this Order shall limit the right of
21 any Party to request an in camera review of the Inadvertently Disclosed
22 Information.
23     20.    <u>Inadvertent Production or Re-disclosure by a Party or an Individual or</u>
24 <u>Entity Designated in Paragraphs 6 or 7</u>.  If a Party or an individual or entity
25 designated in Paragraphs 6 or 7 (the "Responsible Party") produces or discloses
26 Discovery Material designated as CONFIDENTIAL Information or HIGHLY
27 CONFIDENTIAL Information to a person or entity not authorized to receive such
28

1 disclosure under this Order, such Responsible Party shall, upon becoming aware of
2 such disclosure, immediately inform the Producing Party.  The Responsible Party
3 also shall take all reasonable measures to cure the improper disclosure and to
4 promptly ensure that no further or greater unauthorized disclosure of the Discovery
5 Material designated as CONFIDENTIAL Information or HIGHLY
6 CONFIDENTIAL Information.

<u>Challenging Confidentiality Designations.</u>

7
8     21.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a
9 designation of confidentiality at any time.  Unless a prompt challenge to a
10 confidentiality designation is necessary to avoid foreseeable, substantial
11 unfairness, unnecessary economic burdens, or a significant disruption or delay of
12 the litigation, a Party does not waive its right to challenge a confidentiality
13 designation by electing not to mount a challenge promptly after the original
14 designation is disclosed.

15     22.    <u>Meet and Confer</u>.  The Party challenging a confidentiality designation
16 (the "Challenging Party") shall initiate the dispute resolution process by providing
17 written notice of each designation it is challenging and describing the basis for
18 each challenge.  To avoid ambiguity as to whether a challenge has been made, the
19 written notice must recite that the challenge to confidentiality is being made in
20 accordance with this specific paragraph of the Protective Order.  The Parties shall
21 attempt to resolve each challenge in good faith and must begin the process by
22 conferring directly (in voice to voice dialogue; other forms of communication are
23 not sufficient) within 10 days of the date of service of notice.  In conferring, the
24 challenging Party must explain the basis for its belief that the confidentiality
25 designation was not proper and must give the other Party (the "Designating Party")
26 an opportunity to review the designated material, to reconsider the circumstances,
27 and, if no change in designation is offered, to explain the basis for the chosen
28

1  designation.  A Challenging Party may proceed to the next stage of the challenge
2  process only if it has engaged in this meet and confer process first or establishes
3  that the Designating Party is unwilling to participate in the meet and confer process
4  in a timely manner.
5       23.   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without
6  court intervention, the Designating Party shall file and serve a motion to retain
7  confidentiality (in compliance with Civil Local Rules 37-1, 37-2, and 79-5.1)
8  within 21 days of the initial notice of challenge or within 14 days of the parties
9  agreeing that the meet and confer process will not resolve their dispute, whichever
10 is earlier.  Any motion brought pursuant to this provision is subject to Civil Local
11 Rules 37-1 and 37-2, including but not limited to the requirement that a joint
12 stipulation shall be filed and served with the notice of motion.  Each such motion
13 must be accompanied by a competent declaration affirming that the movant has
14 complied with the meet and confer requirements imposed in the preceding
15 paragraph.  Failure by the Designating Party to make such a motion including the
16 required declaration within 21 days (or 14 days, if applicable) shall automatically
17 waive the confidentiality designation for each challenged designation.  In addition,
18 the Challenging Party may file a motion challenging a confidentiality designation
19 at any time if there is good cause for doing so, including a challenge to the
20 designation of a deposition transcript or any portions thereof.  Any motion brought
21 pursuant to this provision must be accompanied by a competent declaration
22 affirming that the movant has complied with the meet and confer requirements
23 imposed by the preceding paragraph.
24      The burden of persuasion in any such challenge proceeding shall be on the
25 Designating Party.  Unless the Designating Party has waived the confidentiality
26 designation by failing to file a motion to retain confidentiality as described above,
27 all parties shall continue to afford the material in question the level of protection to
28

STIPULATED PROTECTIVE ORDER                              CASE NO. 15-cv-1113 MMM

which it is entitled under the Producing Party's designation until the court rules on the challenge.

### Miscellaneous Provisions

24. Any and all Medicare Part D Prescription Drug Event (PDE) data produced by the Producing Party in this action shall constitute Confidential Information and/or Highly Confidential Information (depending on which data fields are included or excluded) as that term is used throughout this Protective Order.

25. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes any Party to release Privacy Act-protected information covered by this Order, without the consent of the subject individual.

26. The production of any Discovery Material by any Party in the course of this action, pursuant to and in compliance with the terms of this Protective Order, which might otherwise be prohibited by the Trade Secrets Act, 18 U.S.C. § 1905, shall constitute a disclosure "authorized by law" under the terms of the Act.

27. Should any Party bound by this Order receive a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring disclosure of Discovery Materials produced in this litigation designated as CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information, such person shall give notice to counsel for all Parties to this action, including the HHS Office of the General Counsel, CMS Division, so that any Party may seek appropriate relief, if any. Notice shall be made by the sooner date of (a) ten (10) days from the date the Party received the request for production or (b) seven (7) days prior to the deadline for responding to the request for production, and shall be in writing.

28. Notwithstanding any provisions of this Protective Order to the contrary, in accordance with any applicable Federal, State, or local laws that afford

heightened protection to certain categories of confidential health information, including but not limited to, records or diagnosis or treatment for alcohol or substance abuse, certain sexually transmitted diseases such as HIV/AIDS, mental health, and research pertaining to genetic testing, the Party in receipt of such information shall comply with the applicable Federal, State, or local law that affords heightened protection to such information.

29. Nothing in this Order shall affect the rights of the parties, producing parties, or third-parties to object to discovery on grounds other than those related to the protection of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information, nor shall it preclude any Party or third-party from seeking further relief or protective orders from this Court as may be appropriate under the Federal Rules of Civil Procedure.

30. Any person requiring further protection of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information may petition this Court for a separate order governing the disclosure of its information.

31. The provisions of this Protective Order shall survive the conclusion of this action.

32. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt therefore.

33. This Protective Order does not dictate the use of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL designated information by a Party at trial.  Such use shall be determined by appropriate order of the Court upon noticed motion.

34. To the extent that inconsistences exist between this Protective Order and any Data Use Agreement executed by the Party in receipt of applicable Discovery Materials, the provisions of this Protective Order control.

35. This Protective Order may be amended for good cause shown.

36. This Protective Order governs only Discovery Materials produced by the Producing Party as defined in this Protective Order.

IT IS SO STIPULATED.

IT IS SO ORDERED.

Date: October 8, 2015

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge